UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Malik S. Pearson,

           Plaintiff,        Case No. 25-12918

v.                               Judith E. Levy
                                  United States District Judge

Kierra Dallas,

                                  Mag. Judge Anthony P. Patti

           Defendant.

_____/

## **ORDER DISMISSING THE CASE WITHOUT PREJUDICE**

Before the Court is Malik S. Pearson's complaint. (ECF No. 1.) In his complaint, Plaintiff alleges he "was subjected to perjury and defamation" and brings suit against Kierra Dallas. (ECF No. 1, PageID.2–3.) He states that he seeks relief "for the rights violated." (*Id.* at PageID.4.) However, he does not identify a federal statute, treatise, or provision of the United States Constitution at issue in his complaint. On September 22, 2025, the Court ordered Plaintiff to show cause, in writing, why this case should not be dismissed for lack of subject matter jurisdiction. (ECF No. 5.)

Plaintiff filed a "motion to show cause why this case should not be dismissed for lack of subject matter jurisdiction." (ECF No. 7, PageID.8.) Plaintiff's motion is undated and unsigned. (*Id.* at PageID.12.) The Court interprets this motion as a response to the Court's show cause order.

In his response, Plaintiff states that he "alleges denial of his constitutional rights by Defendant Kierra Dallas by the use of perjured testimony, there by making a mockery of the Court as well as being at all times in violation of the Eighth and violation of Plaintiff's right to due process and equal protection under the color of law." (*Id.* at PageID.8–9.)

The Court has reviewed Plaintiff's response to the show cause order and the complaint and dismisses it for failure to state a claim upon which relief can be granted.

**I. Legal Standard**

The Court permitted Plaintiff to proceed without prepayment of fees. (ECF No. 5.) *See* 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth*, 114 F. 3d 601, 604 (6th Cir. 1997). Pursuant to 28 U.S.C. § 1915(e)(2),

> [n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal—
> 
> (i) is frivolous or malicious;

2

>(ii) fails to state a claim on which relief may be granted; or
>
>(iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and internal citations omitted). Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Because Plaintiff is self-represented, the Court construes his pleadings liberally. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

To prove a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)).

**II. Analysis**

The complaint must include short and plain statements demonstrating the Court's jurisdiction and "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2); *see also Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Here, Plaintiff in his unsigned response to the show cause order states that Defendant Kierra Dallas violated his Eighth Amendment rights, as well as his "right to due process and equal protection under the color of law." (ECF No. 7, PageID.9.)

However, Plaintiff's filings, even including his response to the order to show cause, fail to demonstrate that he is entitled to relief. Fed. R. Civ. P. 8(a)(1). Plaintiff states that Defendant Kierra Dallas denied him of his constitutional rights "by the use of perjured testimony," (ECF No. 7,

4

PageID.8–9), but this description is not sufficient. For example, Plaintiff does not explain who Defendant Kierra Dallas is, what she did to violate his constitutional rights, what the "perjured testimony" is, for what purpose the "perjured testimony" was used, or if Dallas acted under color of state law as is required by 42 U.S.C. § 1983. Thus, Plaintiff's complaint does not contain sufficient allegations "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted.

The Court certifies that an appeal of this order cannot be taken in good faith because his complaint clearly fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States*, 369 U.S. 438, 445 (1962) (explaining that an appeal is not taken in good faith if the issue presented is frivolous).

IT IS SO ORDERED.

Dated: November 20, 2025
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager